**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-218 |
| | ) |
| ALEXIS A. PEREZ LOPEZ | ) |

**MEMORANDUM ORDER**

Defendant Alexis A. Perez Lopez and 26 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3). Presently before the Court is Defendant's Motion for Early Disclosure of Grand Jury Testimony, wherein he requests "the early disclosure of the grand jury testimony against [him], instructions given regarding that testimony, and any accompanying evidence," which is opposed by the Government. (*See* Docket Nos. 2181 at 5; 2242 at 14-15). For reasons that follow, Defendant's Motion will be denied.

It is well settled that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979) (enumerating interests served by safeguarding the confidentiality of grand jury proceedings); *see also Giles v. California*, 554 U.S. 353, 371 (2008) ("[T]he standard practice since approximately the 17th century has been to conduct grand jury proceedings in secret, without confrontation, in part so that the defendant does not learn the State's case in advance."). Federal Rule of Criminal Procedure 6(e) "is intended to preserve the tradition of grand jury secrecy, creating a general rule of confidentiality for all matters occurring before the grand jury." *United*

*States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997) (internal quotation marks omitted). Secrecy is not absolute, and Rule 6(e)(3) contains certain exceptions. *See, e.g., United States v. Woodley*, Crim. No. 13-113, 2016 WL 323676, at *5 (W.D. Pa. Jan. 25, 2016) (discussing exception involving whether a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury). To obtain grand jury transcripts, a party "must show a particularized need for [the] information which outweighs the public interest in secrecy." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)). To do so, the requesting party must show that the material sought is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only the material that is needed. *Douglas Oil*, 441 U.S. at 222.

Here, in requesting immediate production of "the grand jury testimony against [him], instructions given regarding that testimony, and any accompanying evidence" [1] (*see* Docket No. 2181 at 5), Defendant cites the exception in Rule 6(e)(3)(E)(ii) authorizing disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." (*Id.*, ¶ 5). Under Rule 6(e)(3)(E)(ii), "courts generally reject unsupported beliefs and conjectures as grounds for disclosure of grand jury materials to defendants." *United States v. Bunty*, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008) (quoting *United States v. Shane*, 584 F. Supp. 364, 367 (E.D. Pa. 1984)).

---

[1] Notably, Defendant does not contend that his request is structured to cover only the material that is needed. *See Douglas Oil*, 441 U.S. at 222. Rather, Defendant broadly requests "the grand jury testimony against [him], instructions given regarding that testimony, and any accompanying evidence." (Docket No. 2181 at 5). Defendant's broad request is tantamount to an attempted fishing expedition, which courts routinely have rejected. *See, e.g., United States v. Weingold,* 69 F. App'x 575, 579 (3d Cir. 2003) (affirming the district court's denial of a defendant's request for disclosure of all grand jury transcripts because the "request . . . was simply a fishing expedition by the defendant"); *United States v. Slade*, Crim. No. 12-0367, 2013 WL 3344341, at *4 (E.D. Pa. July 3, 2013) ("Grand jury materials may not be disclosed to the defendant for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.") (internal quotation marks and citation omitted).

Therefore, a defendant seeking disclosure of grand jury materials based on misconduct "should document his allegations with affidavits or other proffered evidence.  Such affidavits or other evidence should be of a particularity sufficient to support a finding that 'inherently suspect' procedures were used before the grand jury." *Shane*, 584 F. Supp. at 367.

In this instance, Defendant contends that immediate disclosure of the grand jury transcripts is warranted because he was indicted during the height of the COVID-19 pandemic "when new procedures were substituted for the usual standards," theorizing that witnesses "presumably" testified remotely.  (Docket No. 2181, ¶¶ 7, 8.a.).  Defendant has not, however, provided an affidavit or proffered other evidence to substantiate his speculation that any suspect procedures were used before the grand jury.  Nonetheless, counsel for the Government represents that "the grand jurors, the witnesses, and the undersigned prosecutor appeared in person in connection with the Indictment in this case." (*See* Docket No. 2241 at 22).  Consequently, Defendant's speculation that the Government may not have followed proper grand jury procedure related to the Indictment in this case fails to establish a particularized need for disclosure of the grand jury transcripts.[2]  *See Bunty*, 617 F. Supp. 2d at  372; *United States v. Chalker*, No. 12-0367, 2013 WL 4547754, at *7 (E.D. Pa. Aug. 27, 2013) ("[A] bald assertion, without any factual basis, is insufficient to meet [the] heavy burden of establishing a particularized need for disclosure.").

To the extent Defendant otherwise seeks production of the grand jury materials to aid in trial preparation, disclosure is not justified on that basis.  *See, e.g., United States v. Nunez*, 2:19-CR-00381, 2021 WL 1422287, at *10 (W.D. Pa. Apr. 15, 2021) (A defendant's "contention that

---

[2]    Likewise,  Defendant has not established a particularized need for the grand jury transcripts based on his assertion that it is imperative to know what information was presented to the grand jury concerning a search that occurred at his residence. (Docket No. 2181, ¶¶ 8.b., 8.c., 9).  As the Government explained, no evidence was presented to the grand jury regarding the search of Defendant's residence because the grand jury returned the Indictment on August 25, 2020, which was prior to the search of his residence on September 2, 2020, when he was arrested pursuant to the warrant issued in connection with the Indictment. (Docket No. 2242 at 14).

the grand jury testimony is needed to develop the defense trial strategy and affirmative defenses, identify potential defense witnesses, and cross-examine government witnesses are insufficient bases for compelling the disclosure of grand jury testimony."); *Slade*, 2013 WL 3344341, at *5 (observing that a request for grand jury materials premised on the need to prepare a defense is not a proper basis to overcome the presumption of secrecy afforded to such materials). As the Supreme Court instructed, "the typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.' " *Douglas Oil*, 441 U.S. at 222 n.12 (quoting *Procter & Gamble*, 356 U.S. at 683). In contrast here, Defendant fails to advance a particularized need premised on any of the bases identified by the Supreme Court in *Douglas Oil.*

With that said, "[a] defendant may be entitled to review grand jury testimony after a witness 'testifie[s] on direct examination at trial if their grand jury testimony [is] related to the subject matter of their trial testimony.' " *Nunez*, 2021 WL 1422287, at *9 (quoting *United States v. Jackson*, 363 F. App'x 159, 161 (3d Cir. 2010)). The Court's pretrial order will encourage the Government to produce Jencks Act materials prior to the pretrial conference, and the Government has indicated its willingness to disclose such materials 14 days before trial. (*See* Docket No. 2242 at 13). Therefore, the Court is confident that the Government will provide Defendant with grand jury materials for any grand jury witness who will testify at trial during the Government's case-in-chief at the appropriate time, in accordance with the Jencks Act.

In summary, while the Court has discretion to order disclosure of grand jury materials earlier, Defendant has not sustained his burden to show a particularized need for the early production of any such information here. Accordingly, the Court enters the following Order:

4

AND NOW, this 21st day of July 2026, IT IS HEREBY ORDERED that Defendant's

Motion for Early Disclosure of Grand Jury Testimony, (Docket No. 2181), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record