# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-218 |
| | ) |
| ALEXIS A. PEREZ LOPEZ | ) |

## <u>MEMORANDUM ORDER</u>

Defendant Alexis A. Perez Lopez and 26 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3). Presently before the Court is Defendant's Motion for a Pretrial *James* Hearing, which is opposed by the Government. (*See* Docket Nos. 2191; 2242 at 15-17). For reasons that follow, Defendant's Motion will be denied.

Defendant requests that the Court conduct a pretrial *James* hearing to determine the admissibility of co-conspirator's statements against him. (Docket No. 2191 at 4). The Government responds that, prior to trial, it will identify as exhibits the intercepted communications which it intends to play at trial so that Defendant can challenge the admissibility of those intercepts and prepare for trial. (Docket No. 2242 at 15). The Government submits that this will effectively safeguard Defendant's rights, thus obviating the need for a *James* hearing. (*Id.*). The Government also emphasizes that a *James* hearing is unnecessary because it likely would "assume the dimensions of a lengthy 'mini-trial' that would needlessly consume valuable judicial and governmental resources, and . . . would have to be repeated at the trial itself." (*Id.* at 17). The Government is correct.

1

Under Rule 801(d)(2)(E), the out-of-court statements of a defendant's co-conspirators are not excluded as hearsay.  *See* Fed. R. Evid. 801(d)(2)(E) (A statement is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy.").  However, before any such statement may be admitted, the Government must establish by a preponderance of the evidence that: "(1) the conspiracy existed; (2) both the defendant and the declarant were members of the conspiracy; and (3) the statement was made in the course of the conspiracy and in furtherance of the conspiracy." *United States v. Bobb*, 471 F.3d 491, 498 (3d Cir. 2006) (citation omitted).

In *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979), the Fifth Circuit held that "[t]he district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator." In the Third Circuit, *James* hearings are permissible but not required because "control of the order of proof at trial" is within the trial judge's discretion.  *United States v. Continental Group, Inc.*, 603 F.2d 444, 456, 457 (3d Cir. 1979) (holding that "the district court's decision to admit [statements of co-conspirators] 'subject to later connection' was not inconsistent with the sound exercise of its discretion" because "the control of the order of proof at trial is a matter committed to the discretion of the trial judge").  To that end, a trial court may "admit alleged co-conspirators' declarations under Rule 801(d)(2)(E) subject to later connection" to proof of a conspiracy, *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 821 (3d Cir. 1982), but this approach should "be carefully considered and sparingly utilized by the district courts" because of potentially prejudicing the defendant in the eyes of the jury if the later connection is not established.  *United States v. Gambino*, 926 F.2d 1355, 1360 (3d Cir. 1991) (quoting *Continental Group*, 603 F.2d at 457).  For instance, the "subject to later connection" approach is appropriate where a case involves

2

a "large amount of interrelated testimony to be considered" such that a different approach may be "unduly complex and confusing to the jury or to the court." *Id.; see also United States v. Tejada*, Crim. No. 12-312, 2013 WL 3786299, at *5 (D.N.J. July 17, 2013) ("As this case is likely to involve a large amount of interrelated testimony, . . . the Government [may] offer the statements of alleged co-conspirators, so long as it establishes the existence of a conspiracy by the end of trial.") (internal quotations marks and citation omitted).

Where, as here, "the alleged conspiracy involves a sizable group, a pre-trial hearing risks becoming a 'mini-trial.' " *United States v. Bell*, Crim. No. 3:23-CR-26, 2024 WL 1892283, at *15 (M.D. Pa. Apr. 30, 2024) (citing *United States v. Cheatham*, 500 F. Supp. 2d 528, 537 (W.D. Pa. 2007)). Despite that many co-defendants in this case have pled guilty, the conspiracy charge at Count One of the Indictment is common to Defendant and all 26 co-defendants. Thus, the existence of a conspiracy will be a central issue at trial, and so "judicial economy would seem to favor the absence of duplication of the parties' efforts before the Court." *Cheatham*, 500 F. Supp. 2d at 537; *see also United States v. Solomon*, Crim. No. 05-385, 2007 WL 927961, at *3 (W.D. Pa. Mar. 26, 2007) (declining to hold *James* hearing in multi-count drug and murder conspiracy case, citing concerns about an extended mini-trial and government witnesses). Under these circumstances, the Court declines to exercise its discretion to conduct a *James* hearing and enters the following Order:

AND NOW, this 21st day of July 2026, IT IS HEREBY ORDERED that Defendant's Motion for a Pretrial *James* Hearing, (Docket No. 2191), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record