## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-218 |
| | ) | |
| ALEXIS A. PEREZ LOPEZ | ) | |

## <u>MEMORANDUM ORDER</u>

Defendant Alexis A. Perez Lopez and 26 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3). Presently before the Court is Defendant's Motion for Severance of Trial, which is opposed by the Government. (*See* Docket Nos. 1389; 1440 at 2-9; 1960 at 3-10; 1961). For reasons that follow, Defendant's Motion will be denied.

Defendant argues that he should be granted a severance and separately tried, contending that he will be prejudiced by a joint trial with other co-defendants in this case. (Docket No. 1389, ¶ 3). He advocates that severance is warranted because "potential circumstantial evidence linking [him] to [co-defendant] Maragh is not a direct path and arguably has no immediate evidentiary connection to [him]." (Docket No. 1961 at 3). In Defendant's view, severance also is justified because he requires a Spanish interpreter, which will necessitate the translation of testimony that may be unrelated to him and thus delay the proceedings. (Docket No. 1389, ¶ 4; Docket No. 1961 at 4). Finally, Defendant speculates that a joint trial could infringe his Sixth Amendment right to confront witnesses. (Docket No. 1389, ¶ 3).

1

The Government counters that Defendant does not come close to overcoming the presumption recognized by prevailing precedent in favor of joint trials of co-defendants. (Docket Nos. 1440 at 5; 1960 at 6). According to the Government, there is no serious risk that a joint trial will compromise a specific trial right of Defendant or prevent the jury from making a reliable judgment about his guilt or innocence. (Docket Nos. 1440 at 7; 1960 at 8). Finally, the Government submits that no Sixth Amendment confrontation concern is implicated by the admission in a joint trial of Title III wiretap interceptions involving co-defendants. (Docket Nos. 1440 at 8; 1960 at 10).

To start, joinder of multiple defendants in a single indictment is permissible "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Defendant does not claim improper joinder under Rule 8(b), but rather argues that he will be prejudiced if he is tried with the remaining co-defendants in this case.

It is well-established that there is "a preference in the federal system for joint trials of defendants who are indicted together, because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Balter*, 91 F.3d 427, 432 (3d Cir. 1996) (quoting *Zafiro v. United States,* 506 U.S. 534, 537 (1993) (internal quotation marks omitted)). However, pursuant to Rule 14, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). As the Supreme Court has explained, Rule 14 permits severance if a substantial risk of prejudice to a defendant exists. *Zafiro*, 506 U.S. at 540. The district court has discretion whether to sever a trial, but it

should only be granted if the defendant has overcome the "heavy burden" of showing that "clear and substantial prejudice [would] result[] in a manifestly unfair trial." *United States v. Urban,* 404 F.3d 754, 775 (3d Cir. 2005). In exercising its discretion, the district court must "balance[] the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy." *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989)

Given the preference for joint trials, severance under Rule 14 is to be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Such a risk might occur "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Id.* Examples when this might take place include: "(1) 'a complex case' involving 'many defendants' with 'markedly different degrees of culpability,' (2) a case such as *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968), where evidence that is probative of one defendant's guilt is technically admissible only against a co-defendant, and (3) a case where evidence that exculpates one defendant is unavailable in a joint trial." *Balter*, 91 F.3d at 432-33 (quoting *Zafiro*, 506 U.S. at 539). However, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540. Furthermore, "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant or some evidence adduced is more damaging to one defendant than others." *United States v. Console*, 13 F.3d 641, 655 (3d Cir. 1993) (internal quotation marks and citation omitted). Finally, and particularly relevant here, "joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the full extent of the conspiracy and prevent the tactical disadvantage to the government from

3

disclosure of its case." *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996) (internal quotation marks and citations omitted).

In light of this authority, Defendant has not sustained his heavy burden to establish that severance is warranted. Defendant allegedly engaged in a large, multi-jurisdictional drug trafficking conspiracy, and the Government outlines in its Response the evidence it plans to present connecting him and Maragh to the overarching conspiracy. (Docket Nos. 1440 at 5-7; 1960 at 6-8). Defendant only asserts in conclusory fashion that he will be prejudiced by a joint trial because evidence tying him to the conspiracy is mostly related to other co-defendants. (Docket No. 1961 at 3). He has not argued, let alone established, that a joint trial would compromise any specific trial right or prohibit the jury from making a reliable judgment as to guilt or innocence. Defendant's apparent concern that the jury will be unable to compartmentalize the evidence against him has been alleviated by the fact that only co-defendant Maragh remains to be tried with him[1] as opposed to a number of other co-defendants who had not yet pled guilty when the severance motion was filed. Unlike this case, severance is generally reserved for cases involving many more defendants and counts. *See, e.g., United States v. Price*, 13 F.3d 711, 717-18 (3d Cir. 1994) (holding that district court did not abuse its discretion in severing 26 defendants in a 32-count drug conspiracy indictment). As there is no reason to believe that the jury will be unable to compartmentalize the evidence against each remaining defendant, Defendant has failed to meet his burden of showing the risk of clear and substantial prejudice. Moreover, any danger that the jury might confuse evidence relating to Defendant or a co-defendant can be prevented with a proper instruction that the jury must separately consider the evidence against each defendant.

---

[1] The Court notes that co-defendant Noel Perez Aguilar, who had been in fugitive status, was arrested in the Central District of California in late June 2026. As co-defendant Aguilar's case is now only in the very beginning phase, the Government will be required to advise whether his case should be severed from Defendant and co-defendant Maragh, or how it otherwise intends to proceed with respect to Aguilar.

*Zafiro*, 506 U.S. at 539 (recognizing that limiting instructions often suffice to cure any risk of prejudice).

Defendant's argument that a joint trial could be delayed because he requires a Spanish interpreter does not alter the conclusion that severance is unwarranted. This Court has available the services of a certified, highly qualified Spanish interpreter, who regularly appears in criminal proceedings in this District. The interpreter is so adept that there is little, if any, appreciable difference in the length of the proceedings when she has appeared before this member of the Court. Accordingly, Defendant's need for an interpreter has no bearing on whether severance is justified. Given that there is no substantial risk of prejudice which would result from a joint trial, and in light of the preference for joint trials in order to promote efficiency and to serve the interests of justice, the Court finds that severance under Rule 14(a) is not appropriate in this case.

Finally, to the extent Defendant also requests severance on the basis of a potential issue arising under *Bruton v. United States*, 391 U.S. 123 (1968), in which the Supreme Court held that a defendant's Sixth Amendment right to confront the witnesses against him is violated when a facially incriminating statement of a non-testifying co-defendant is offered into evidence at a joint trial, he has not developed that claim or otherwise explained how his Sixth Amendment right would be infringed. Defendant only speculates about a potential *Bruton* issue, which does not provide a reason for severance. The Government submits that its evidence consists largely of intercepted communications between Defendant and other co-conspirators that were made during the alleged conspiracy and captured through court-authorized wiretaps. (Docket Nos. 1440 at 8; 1960 at 10). As the Government points out, those type of statements do not implicate Defendant's Sixth Amendment confrontation rights. *See United States v. Hendricks*, 395 F.3d 173, 181 (3d Cir. 2005) (holding that conversations between the defendants and other third parties intercepted by

law enforcement through Title III wiretaps were not testimonial, thus *Bruton* and the Confrontation Clause are inapplicable). Consequently, Defendant's speculative *Bruton* argument does not provide a basis to sever the trial.

For the reasons discussed, the Court declines to exercise its discretion to sever Defendant's trial from that of co-defendant Maragh and enters the following Order:

AND NOW, this 27th day of July 2026, IT IS HEREBY ORDERED that Defendant's Motion for Severance of Trial, (Docket No. 1389), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record