**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-218-14 |
| | ) | |
| ALEXIS A. PEREZ LOPEZ | ) | |

**MEMORANDUM OPINION**

Presently before the Court is Defendant Alexis A. Perez Lopez's Motion to Dismiss (Speedy Trial) or to Schedule Trial Date, in Alternative, (Docket No. 2202), in which he argues that the Indictment against him should be dismissed because his Sixth Amendment right to a speedy trial has been violated. The Government opposes Defendant's Motion. (Docket No. 2242 at 17-27). After careful consideration of the parties' positions, Defendant's Motion to Dismiss the Indictment based on Sixth Amendment speedy trial grounds will be denied. His alternative request to schedule a trial date will be denied as premature and without prejudice, as the Court will schedule a status conference to discuss next steps in this litigation, including trial scheduling, upon resolution of all pretrial motions filed by Defendant and co-defendant Jamaal Maragh.

## I.     BACKGROUND

On August 25, 2020, Defendant and 26 co-defendants were charged in Count One of the Indictment with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3). In September 2020, Defendant was arrested in the Central District of California, he had a detention hearing there and was ordered to be detained pending trial or other disposition of this matter, and he also was ordered to be removed to this

1

District.  (Docket Nos. 148-5, 148-9, 148-10).  After Defendant arrived here, Attorney John Halley was appointed to represent him, he was arraigned on October 29, 2020, and he pled not guilty to the charge.  (Docket Nos. 294, 306, 308).

Given the volume of discovery involved in this multi-defendant case, Defendant sought, and was granted, numerous extensions of time to file pretrial motions for the time period from October 29, 2020 to June 5, 2023.  (Docket Nos. 310, 442, 593, 683, 761, 817, 934, 1010, 1107, 1206, 1307).  The Court's Orders granting Defendant's motions for extension of time to file pretrial motions contained findings excluding all of the referenced time under the Speedy Trial Act.  (*See id.*).

On June 5, 2023, Defendant filed a Motion to Suppress Evidence and Statements, and a supplement thereto on July 20, 2023, as well as a Motion to Sever.  (Docket Nos. 1388, 1389, 1439).  Despite filing those pretrial motions, Defendant also continued to file additional motions for extension of time to file pretrial motions for the time period from June 8, 2023 to February 6, 2024, which the Court granted.  (Docket Nos. 1401, 1480, 1561).   The Court's Orders granting Defendant's motions for extension of time to file pretrial motions included findings excluding all of the referenced time under the Speedy Trial Act.  (*See id.*).

After briefing on Defendant's suppression motion was complete, the Court conducted an evidentiary hearing on November 17, 2023, but the matter was not concluded that day. (Docket No. 1564).  The continuation of the hearing was scheduled on December 13, 2023; however, Attorney Halley filed a motion to withdraw as counsel prior to that time.  (Docket Nos. 1565, 1566).  Following a hearing on Attorney Halley's motion to withdraw on December 8, 2023, the Court granted his motion and appointed Attorney Cuddy to represent Defendant.  (Docket Nos. 1580, 1581, 1587).  Given Attorney Cuddy's new appointment, the Court granted Defendant's

motion to continue the suppression hearing and specified that it would be rescheduled by further order of Court to ensure Attorney Cuddy had ample time to review Defendant's case and confer with him concerning next steps.  (Docket No. 1586).

Defendant subsequently filed motions for extension of time to file pretrial motions for the time period from February 5, 2024 to February 4, 2025, which the Court granted.  (Docket Nos. 1634, 1728, 1798, 1868).  The Court's Orders granting Defendant's motions for extension of time to file pretrial motions contained findings excluding all of the referenced time under the Speedy Trial Act.  (*See id.*).  In the interim, the continued evidentiary hearing on Defendant's motion to suppress was held on January 14, 2025.  (Docket No. 1900).  The parties subsequently filed proposed findings of fact and conclusions of law on Defendant's suppression motion, as ordered. (Docket Nos. 1901, 1935, 1951, 1958, 1960, 1962).  Defendant also continued to file motions for extension of time to file pretrial motions for the time period from February 3, 2025 to March 30, 2026, which the Court granted.  (Docket Nos. 1913, 1987, 2017, 2063, 2098, 2125, 2152).  The Court's Orders granting Defendant's motions for extension of time to file pretrial motions included findings excluding all of the referenced time under the Speedy Trial Act.  (*Id.*).

Ultimately, on March 30, 2026, Defendant filed nine additional pretrial motions, including the Motion to Dismiss which is presently before the Court.  (Docket Nos. 2181, 2182, 2184, 2185, 2189, 2191, 2192, 2199, 2202).  After the Court ordered briefing on Defendant's additional pretrial motions, the Government sought extensions of time to file its omnibus response, which was filed on June 8, 2026.  (Docket Nos. 2204, 2222, 2229, 2238, 2240, 2242).  The defense consented to the Government's requested extensions of time to respond, (Docket Nos. 2216, ¶ 5; 2228, ¶ 7; 2237, ¶ 7; 2239), and the Court's Orders granting them included findings excluding time under the Speedy Trial Act from March 30, 2026 to June 22, 2026, which was the date that Defendant was

ordered to file a reply if he wished to do so. (Docket No. 2204, 2222, 2229, 2238, 2240). Defendant did not file a reply by the established deadline, and his Motion to Dismiss is now ripe for disposition.

## II.    ANALYSIS

Defendant does not contend that the Indictment should be dismissed for violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*,[1] but rather moves to dismiss under the Sixth Amendment to the United States Constitution, contending that there has been unnecessary delay in bringing him to trial. (Docket No. 2202, ¶ 3). Defendant suggests that his ability to defend himself has been impaired by the passage of time, (*id.*, ¶ 4), but he does not elaborate how that is so. He also claims that his life has been disrupted for more than five years and broadly asserts that oppressive pretrial incarceration has resulted in anxiety and concern for his well-being. (*Id.*, ¶¶ 4, 7).

The Government responds that Defendant's Motion should be denied. (*See* Docket No. 2242 at 17-27). Although a significant portion of the Government's Response argues that no violation has occurred under the Speedy Trial Act, which Defendant does not contest, the

---

1    To give effect to the Sixth Amendment right to a speedy trial, Congress enacted the Speedy Trial Act, which sets "specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). The Speedy Trial Act requires that a criminal defendant be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act also recognizes the need for flexibility depending on the circumstances of particular cases and therefore "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see* 18 U.S.C. § 3161(h). As detailed in Section I, *supra*, the Court continually excluded time under the Speedy Trial Act at Defendant's request and/or due to the filing of his pretrial motions and subsequent briefing and litigation concerning the same. Defendant does not claim a statutory speedy trial violation, nor could he do so on the record that exists in this case. As relevant to Defendant's constitutional claim, the Speedy Trial Act's protections "exceed those of the Sixth Amendment, which does not require that a trial commence within a specified time." *United States v. Lattany,* 982 F.2d 866, 870 n.5 (3d Cir. 1992). Because the Speedy Trial Act "was enacted largely to make defendants' constitutional speedy trial rights meaningful, many courts have noted that 'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated.' " *United States v. Alvin*, 30 F. Supp. 3d 323, 340 (E.D. Pa. 2014) (quoting *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982)).

Government also argues that there is no Sixth Amendment violation here in consideration of the four factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).  (*Id.* at 23-26).  The Government is correct that dismissal is not constitutionally required under the Sixth Amendment.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ."  U.S. CONST. amend. VI.  In *Barker*, 407 U.S. at 530-32, the United States Supreme Court set forth a four-factor test for examining alleged Sixth Amendment violations.  "The inquiry focuses on: (1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant."  *United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014) (citing *Barker*, 407 U.S. at 530-31).  None of these factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533.

Although Defendant references *Barker's* four-factor test in his Motion, (*see* Docket No. 2202, ¶ 5), he does not analyze those factors, other than to generally suggest that he has been prejudiced, let alone convincingly argue that consideration of the four factors weighs in favor of finding that his Sixth Amendment right to a speedy trial has been violated.  Despite Defendant's undeveloped Sixth Amendment claim, the Court turns to analyze the *Barker* factors.

The first factor asks whether the delay is of sufficient length to trigger analysis of the remaining factors.  *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992) (treating length of delay as "a double enquiry" requiring a showing of presumptively prejudicial delay before considering the other three factors).  If the delay is unusually lengthy, then the remaining *Barker*

factors must by analyzed.  *See Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993) (citing *Barker*, 407 U.S. at 530) ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.")).  The Third Circuit Court of Appeals has held that a delay of 45 months or longer is sufficient for the first *Barker* factor.  *See United States v. Battis*, 589 F.3d 673, 683 (3d Cir. 2009).  Here, the delay from the Indictment (August 25, 2020) to the present (approximately 71 months) satisfies this factor.  *See United States v. Claxton*, 766 F.3d 280, 294 (3d Cir. 2014) (explaining that delay is measured "from the date of arrest or indictment, whichever is earlier, until the start of trial") (quoting *Battis*, 589 F.3d at 678).  Therefore, the "presumptive prejudice" needed to consider the remaining three factors exists in this case.  *See Doggett*, 505 U.S. at 652 n.1.

Before analyzing the other *Barker* factors, it bears emphasizing that " '[p]resumptive prejudice,' when used in this threshold context simply 'marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry.' "  *Hakeem*, 990 F.2d at 759 (quoting *Doggett*, 505 U.S. at 652, n.1).  Notably, "because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."  *Barker*, 407 U.S. at 530-31.  For instance, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."  *Id.* at 531.  The instant case is a complex drug conspiracy charge that involves 27 defendants, who, along with their counsel, had to review extensive discovery involving Title III wiretaps, analyze evidence, research and consider whether to file pretrial motions, and litigate the case (initially subject to policies implemented in response to the Covid-19 pandemic), which explains the bulk of the delay.  With that said, the Court proceeds to consider the other three *Barker* factors in light of the delay.

6

As to the second factor – the reason for delay – the Court must calculate the delay attributable to each party and differentiate the delay caused by Defendant from that caused by the Government. *See Claxton*, 766 F.3d at 294. " '[D]elay caused by the defense weighs against the defendant,' including 'delay caused by the defendant's counsel.' " *Battis*, 589 F.3d at 679-80 (quoting *Vermont v. Brillon*, 556 U.S. 81, 90-91 (2009)). Delay caused by the Government is grouped into three categories and each carries different weight: (1) "[a] deliberate effort by the Government to delay the trial in order to hamper the defense weighs heavily against the Government;" (2) "[a] more neutral reason such as negligence or overcrowded courts also weighs against the Government, though less heavily;" and (3) "a valid reason, such as a missing witness, should serve to justify appropriate delay." *Claxton*, 766 F.3d at 295 (citation omitted).

As detailed above, Defendant clearly acquiesced to delay from the inception of this case through March 30, 2026 by repeatedly requesting extensions of time to file pretrial motions and ultimately filing additional pretrial motions on that date, in addition to those he previously had filed. Further, Defendant has been joined for trial with numerous co-defendants, who also repeatedly sought and were granted extensions of time to file pretrial motions, to which Defendant never objected. Defendant remains joined for trial with co-defendant Maragh who filed a litany of pretrial motions, which are currently being litigated. The fact that Defendant moved to adopt and participate in his co-defendants' pretrial motions to the extent the issues raised are applicable to him, which the Court granted, (*see* Docket Nos. 2192; 2263 at 3), plainly demonstrates his acquiescence to any delay associated with the litigation of his co-defendants' motions. Therefore, the majority of the delay in this case is attributable to Defendant and his co-defendants,[2] which

---

2       The Court's finding in this regard is not meant as a criticism of the defense, as the record reflects that the requested extensions of time (and corresponding delay) was utilized by Defendant and co-defendant Maragh to vigorously test the Government's case through fulsome motions practice, which only can occur after review of extensive discovery, investigation, research, and briefing of issues for review by the Court.

7

weighs against him.  *See United States v. Thompson*, 716 F. App'x 69, 72 (3d Cir. 2017) ("Defendants bear the responsibility of delay caused by their co-defendants, and such delay cannot be attributed to the Government.") (citing *Claxton*, 766 F.3d at 295).

Even if any delay attributable to Defendant could somehow be imputed to the Government because it consented to the requested extensions of time to file pretrial motions and occasionally requested extensions of time to respond to Defendant's filings (to which Defendant consented), it is a neutral reason, at best, for the delay which does not weigh heavily against the Government. More importantly, nothing in the record suggests that the Government made a deliberate effort to delay the case in order to hamper the defense.  Overall, the delay in this case is attributable either to Defendant (or his co-defendants, who also continually requested additional time to file pretrial motions), thus the reason for the delay weighs heavily against Defendant.

Next, the third *Barker* factor requires the Court to assess " '[w]hether and how a defendant asserts his [speedy-trial] right,' including 'the frequency and force' of such assertions." *Velazquez*, 749 F.3d at 181-82 (quoting *Barker*, 407 U.S. at 529, 531).  This factor permits "a court to attach a different weight to a situation in which the defendant knowingly fails to object from a situation in which his attorney acquiesces in long delay without adequately informing his client, or from a situation in which no counsel is appointed.  It would also allow a court to weigh the frequency and force of the objections as opposed to attaching significant weight to a purely pro forma objection." *Barker*, 407 U.S. at 529.

Defendant has asserted his right to a speedy trial through the instant Motion, but it comes 67 months after he was indicted, which weighs against him. *See United States v. Jamea*, No. 24-2457, 2026 WL 1506757 at *6 (3d Cir. May 29, 2026) (third *Barker* factor weighed against the defendant when first assertion of speedy trial rights did not occur until four years after his

8

indictment); *United States v. Vasquez-Uribe*, 426 F. App'x 131, 138 (3d Cir. 2011) (third *Barker* factor weighed against the defendant when first formal assertion of right to speedy trial was made more than one year after initial appearance).  Defendant's speedy trial claim is further undermined by the fact that he repeatedly requested extensions of time to file pretrial motions, and he never lodged an objection to any of the motions for extension of time filed by his co-defendants during the course of this case, nor did he lodge any objection on the several occasions when the Government requested additional time to file a response to one of his pleadings.  Given the lack of frequency and force of Defendant's objections to any delay in this case, the Court finds that the third factor weighs heavily against a finding that Defendant's Sixth Amendment right to a speedy trial was violated.

The final and most important factor to consider is any prejudice to Defendant from the delay.  *See Hakeem*, 990 F.2d at 760.  A defendant can establish prejudice in one of two ways – specific prejudice or presumptive prejudice.  *Battis*, 589 F.3d at 682.  "A defendant can establish specific prejudice by showing that he was subject to 'oppressive pretrial incarceration,' that he suffered 'anxiety and concern' about the impending trial, or that his defense was impaired as a result of the delay."  *Id.* (quoting *Barker*, 407 U.S. at 532).  The Supreme Court has acknowledged that excessive delay can lead to a presumption of prejudice but added that "such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria . . . it is part of the mix of relevant facts, and its importance increases with the length of delay."  *Doggett*, 505 U.S. at 656.

As for specific prejudice, although Defendant broadly claims that "oppressive pretrial incarceration" has resulted in "anxiety and concern" regarding his well-being, (Docket No. 2202, ¶ 7), he provides no explanation for this unsubstantiated claim.  *See Hakeem*, 990 F.2d at 760

9

(specifying that "the burden of showing prejudice lies with the individual claiming the violation"). Nonetheless, it bears noting that "[c]redit for time served can mitigate the prejudice from pretrial incarceration, and some level of anxiety is unavoidable in every criminal case." *United States v. Wilson*, 216 F. Supp. 3d 566, 579 (E.D. Pa. 2016) (citing *Hakeem*, 990 F.2d at 762). However, "[p]rejudice that affects the defendant's ability to defend himself . . . 'skews the fairness of the entire system.' " *Id.* (quoting *Barker*, 407 U.S. at 532). Despite Defendant's suggestion that his ability to defend himself has been impacted by the passage of time, (*see* Docket No. 2202, ¶ 4), he cites no specific impairment of his defense because of pretrial delay. *See United States v. Chu*, 99 F.4th 610, 615 (3d Cir. 2024) (finding that the fourth *Barker* factor was not satisfied where the defendant "did not argue nor provide evidence that the delay impaired her ability to prepare a defense, and only asserted claims of emotional distress"). Under these circumstances, Defendant has not demonstrated specific prejudice.

However, given that the delay in this case exceeds 45 months, prejudice can be presumed. *See Battis*, 589 F.3d at 683 (holding that prejudice is presumed when there is a 45-month delay in bringing a defendant to trial). To reiterate, presumptive prejudice must be viewed in light of the other *Barker* factors. As discussed above, the delay was largely attributable to Defendant, and he failed to assert his speedy trial right in a timely fashion. Accordingly, the final *Barker* factor weighs against him.

### III.    **CONCLUSION**

In examining Defendant's speedy trial claim under the *Barker* four-factor test, the Court does not find a Sixth Amendment speedy trial violation under the circumstances of this case. Therefore, Defendant's Motion to Dismiss the Indictment based on speedy trial grounds is denied. Defendant's alternative request to schedule a trial date is denied as premature and without

prejudice, as the Court will address with Defendant next steps in this litigation, including trial scheduling, at a status conference to be scheduled by further order of Court upon resolution of all pending pretrial motions filed by Defendant and co-defendant Maragh.

An appropriate Order follows.

_s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

Dated: July 31, 2026

cc/ecf:  All counsel of record